## Case No. 531.

### In re ARKELL.

[15 Blatchf. 437; 4 Ban. & A. 80; Merw. Pat. Inv. 170.][1]

Circuit Court, D. Connecticut. Jan. 9, 1879.

PATENTS FOR INVENTIONS — PATENTABILITY — NOVELTY.

A notch in one thickness of a paper bag with an evenly cut mouth, such notch facilitating the opening of the mouth, being in existence, a paper bag made with such a notch in one thickness of a mouth cut with jagged or serrated edges, with a view to facilitate the opening of the mouth, is not a patentable invention.

[Cited in Ansonia Brass & Copper Co. v. Electrical Supply Co., 144 U. S. 18, 12 Sup. Ct. 604.]

In equity.

H. D. Donnelly and Augustus Brandegee, for plaintiff.

SHIPMAN, District Judge. This is a bill in equity, which is brought under section 4915 of the Revised Statutes, praying for an adjudication that the applicant is entitled to receive a patent for an improvement in paper bags. Application for a patent was duly filed on December 14th, 1876, and was rejected by the commissioner of patents, upon appeal from the examiners in chief, on June 5th, 1877. Upon appeal to the supreme court of the District of Columbia, sitting in banc, the decision of the commissioner was affirmed, on January 22d, 1878. A copy of this bill was served upon the commissioner of patents, who has filed a brief in support of his views. The improvement

[1][Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 4 Ban. & A. 80; and here republished by permission. Merw. Pat. Inv. 170, contains partial report, only.]

relates to the well known class of paper bags, in the manufacture of which the paper is first folded and pasted to form a continuous flattened tubular blank, and the bag blanks are then cut from the continuous blank, by a serrated knife moving more rapidly than the blank. This process of cutting leaves both the cut edges in a serrated or jagged form, and produces a bag having a "jaggedly cut mouth." It is admitted, that, in this kind of bag, the two cut edges naturally clinch together, and that the rough edges of the fibrous material tend to become felted together during storage or transportation in bulk, so that it is difficult to open the mouth of the bag without an expenditure of time and labor. This disadvantage has impaired the usefulness of this class of paper bags to the consumers.

The applicant states, in his specification, that the improvement consists in "forming in one of the two adjacent cut edges, a notch or cut-away portion, or a series of such notches, which prevent any clinching, or any subsequent felting together, of the rough edges at such points, and thus afford an opportunity for the more ready opening out of the mouth of the finished bag, while at the same time they render easier the separation of the adjacent cut edges that have to be opened out, folded and pasted to form the bag bottom, during the manufacture." The benefit prior to the completion of the bag was not commented upon in the affidavits, and it is manifest, that the main, if not the only, object of the improvement is, to facilitate the opening of the bag mouth after it has been closed, and its edges have been felted together in cutting and packing. The claim of the applicant, as stated in his specification, is, for "paper bags made with a notch or cut-away portion or portions in one thickness of the jaggedly cut mouth, whereby the clinching and tendency to felt together of the edges of the mouth so cut are overcome, and the opening of the mouth of the bag for use rendered easier, substantially as described." On December 19th, 1876, the applicant obtained a patent for his described method of manufacturing this kind of paper bags.

The main question in the case is, whether the applicant is entitled to a patent for his improved article of manufacture, in view of the bag described and shown in the specification and drawings of the patent to Luther C. Crowell, No. 137,533, dated April 8th, 1873. The Crowell bag was not made from a flattened tube, and the severing of the blanks was made by a clean cut, so that the jaggedly cut mouth is not a feature of his bag. There was a semi-circular incision in the centre of the band of paper, so that the bag, when folded and cut, had a notch in one thickness of the bag, at its mouth end. The object of this notch is not explained in his specification, and the notch is not claimed in the patent, but the existence of the incision and of the notch is clearly shown both in the specification and the drawings. His bag had, in fact, an evenly cut mouth and a notch therein, and the notch facilitated the opening of the mouth. It is not important that the process by which the notch is made in the respective bags is very dissimilar. As the article of manufacture only is claimed in the application, the question now of importance is, whether the improved article had been patented or described in some printed publication prior to the alleged invention by the applicant, or whether he was the first and original inventor thereof. Cohn v. U. S. Corset Co., 93 U. S. 366.

The question resolves itself into this: "Plain edged" and "jaggedly cut" bags being both well known at the date of this alleged invention, does a plain edged paper bag, notched at the mouth, which notch facilitates the opening of the bag, anticipate a notched "jaggedly cut mouth" paper bag, the notch being for the express purpose of enabling the consumer to overcome the resistance of the felted edges to the opening of the bag? The application of an old contrivance to a new purpose is not patentable, when the old and new purposes, and the objects to which the contrivance is applied, are merely analogous. If the use of an old contrivance produces a new effect, the new manufacture or process may be patentable, because the new use is not analogous to the former one; but, if the new use is simply upon a new occasion, not producing a new effect, the use is analogous to what had been done before. Curt. Pat. § 56.

In this case, the new use to which the notch was put was to facilitate the opening of the mouth of a jaggedly cut bag. The old use was to facilitate the opening of the mouth of a plain edged bag. The uses were the same, and the effect was the same in kind. The old result of opening the mouth was attained by the same means which were used when the former result was attained. It is true, that, in jaggedly cut bags, the fibres clinch and felt together, and the object of the notch is to prevent clinching and felting, but the object of preventing felting is simply that the mouth may be easily opened. The notch, in either bag, is to afford an easy means of grasping one lip of the mouth and thus disengaging it from its fellow. The difficulty of opening the mouth of a plain edged bag is slight, because either lip is easily grasped by the finger, whereas, in a jaggedly cut bag, there is a serious difficulty in inserting the fingers between the felted fibres of the paper, but the object of having a notch and the use of the notch are the same, and the difference in effect which the notch produces is one of degree and not of kind. If the effect of the old contrivance, when applied to the new object, is simply a better and, therefore, more useful accomplishment of the old effect, in an analogous

object, by the use of precisely the same means, the application of the new use is not patentable. If a person had before him a notched plain edged bag, it would require no invention to discover that such a contrivance would also facilitate opening the mouth of a jagged bag, although it might require much exercise of invention to ascertain the means by which the notch could be produced in a bag of the latter class. Those means have already been patented in favor of the applicant. The bill should be dismissed.